CHARLES C. SMELTZER, Respondent, v. METRO-POLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1912.

1. **STREET RAILWAYS: Humanitarian Rule: Personal Injury.** The humanitarian rule is a doctrine of the law, which, in one of its phases, casts liability upon a negligent street railway company whenever its servants, operating its car on a public street, see, or by the exercise of ordinary care could see, a street traveler in danger from the going car, and thereafter fail to exercise ordinary care in the use of means at hand to avoid injuring him, when such ordinary care, having regard to the safety of passengers, could have saved the traveler.

2. ———: ———: ———: **Contributory Neligence: Right to Recover.** S was driving a covered milk wogan along the west side of a street and desiring to cross to the east side he stopped and looked back for a street car and saw one approaching, 150 feet away, at a speed of twelve or fifteen miles per hour. He, notwithstanding this, attempted to cross, and was struck by the car. There was evidence that the street car was seventy-five feet away when the horse got on the track and that the car could have been stopped, by use of ordinary care, within thirty-five or forty-five feet. It was held that S was guilty of contributory negligence, but that he could recover damages under the humanitarian rule.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*John H. Lucas* and *Pratt & Marks* for appellant.

*Oldham & James* for respondent.

ELLISON, J.—Plaintiff's action was instituted to recover damages alleged to have resulted from one of defendant's street cars colliding with his wagon and throwing him to the street. The judgment was for him in the trial court.

The action is based on the humanitarian rule. The controlling facts are few and easily understood. Plaintiff, at nine o'clock, p. m., was driving a milk wagon, with an enclosed top, south, on the west side of Troost avenue north of Thirty-third street, in Kansas City. When he reached a point about seventy-five feet north of Thirty-third street, intending to cross over defendant's tracks to the east side of the street, he put his head out of the open door of his wagon and looked back north for a car. He saw one, 150 feet away, approaching at a speed of twelve or fifteen miles an hour. Notwithstanding this, he started east across the street, "angling a little." His horse and the greater part of the wagon had cleared the west track, when the car struck the rear part, and inflicted the injury of which he complains.

When plaintiff's horse got upon the west track, the car was seventy-five feet away; necessarily it was in plain view of the motorman, if he was looking ahead. There was evidence that the car could have been stopped within a distance of thirty-five or forty-five feet.

Plaintiff was guilty of contributory negligence in attempting to cross the track, instead of waiting for the car to pass by. But his negligence and the imminence of his peril were apparent to the motorman when he was such a distance away as to have had ample time to have stopped the car by the exercise of ordinary care. That is, as we have just said, the motorman saw the peril of the situation, as the evience tended to prove, when he was seventy-five feet away and when he could have stopped within thirty-five or forty-five feet. [Morgan v. Wabash Ry. Co., 159 Mo. 262; White v. Ry. Co., 202 Mo. 539, 563; Ellis v. Met. St.

Ry. Co., 234 Mo. 657.] In the last case Judge LAMM, speaking for the Supreme Court, says the humanitarian rule "is a doctrine of the law, which, in one of its phases, casts liability upon a negligent street railway company whenever its servants, operating its car on a public street, see, or by the exercise of ordinary care could see, a street traveler in danger from the going car, and thereafter fail to exercise ordinary care in the use of means at hand to avoid injuring him, when such ordinary care; having regard to the safety of passengers, could have saved the traveler."

Continuing, the judge states that: "While negligence always has misfortune for a companion, yet such traveler does not alone bear the burden in the law of that misfortune when he inadvertently goes into a place of danger from a street car so far ahead of it that those who control it may, under the circumstances and conditions given in the rule, save his limb or life. The joint right in the carrier under its easement and franchise, and in the traveler under the easement in the public, to use a public street, coupled with correllative and present duties of all those who use the street to each other, result in the above sensible and settled working theory for the administration of justice between the street traveler and the carrier."

Remark is made in that case on the seeming conflict in the authorities in this state. From citations made to us by defendant, we too, can see the embarrassment in undertaking to reconcile all the cases. But the above announcement clearly states the rule and its justness.

There was an objection made to plaintiff's being allowed to show that loss of sexual power resulted to plaintiff. The point is not briefed, nor is it referred to in the summary of "points and argument." It is sufficient to say that we think the allegations of the petition justified admitting the evidence.

What we have said disposes of complaint as to instructions refused for defendant. We think amendments made to some of them, which were refused as offered, not fairly subject to criticism. Objection is made to plaintiff's first instruction as assuming matters in dispute. We think the objection not well taken. The instruction is somewhat lengthy, but not substantially faulty.

It is next said that there was no evidence that the car could have been stopped, or the speed slackened sufficiently to have avoided striking plaintiff. We however find, as we have already stated, that there was.

An examination of the record, in connection with defendant's argument and brief, does not show that we should interfere, and hence we affirm the judgment. All concur.